**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAFAEL L.O.[1] et al., | : | |
| Petitioner, | : | Civil Action No. 20-3481 (JMV) |
| v. | : | **ORDER** |
| JOHN TSOUKARIS, et al., | : | |
| Respondent. | : | |

**VAZQUEZ, District Judge:**

Presently pending before the Court is Petitioners motion for temporary restraining order ("TRO"), immediate release, and/or order to show cause. D.E. No. 5. For the reasons detailed in the accompanying Opinion, and for good cause shown,

**IT IS** on this 9th day of April, 2020,

**ORDERED** that motion of Petitioners Victor M.L. and Michaell A.G. (D.E. 5) is **DENIED without prejudice** as moot because they have already been released; and it is further

**ORDERED** that the motion of the remaining Petitioners – Rafael L.O., Adrian E. G.G., and Javier S.M. - for a temporary restraining order D.E. 5, is **GRANTED**; and it is further

**ORDERED** that remaining Petitioners are to be released subject to the following specific conditions; and it is further

---

[1] Petitioner is identified herein only by his first name and the first initials of his surnames in order to address certain privacy concerns associated with § 2241 immigration cases. This manner of identification comports with recommendations made by the Judicial Conference of the United States' Committee on Court Administration and Case Management.

**ORDERED** that ICE has 24-business hours to process this Court's order and release the Petitioners; and it is further

**ORDERED** that Petitioners submit to ATD electronic bracelet monitoring by ICE as well as telephonic monitoring as required by ICE; and it is further

**ORDERED** that Petitioners are restricted to home confinement, but may leave their home for activities such as obtaining food and other necessities; obtaining medical and mental health treatment; and to the extent that Petitioners are authorized to lawfully work in the United States, to perform such work if their employment is deemed essential under the New Jersey Governor's order; and it is further

**ORDERED** that Petitioners are ordered to comply with any court orders and to attend all court dates; and it is further

**ORDERED** that Petitioners comply with all other of ICE's standard conditions of release; and it is further

**ORDERED** that Petitioners comply with all national, state, local and CDC-issued guidelines regarding COVID-19; and it is further

**ORDERED** that Petitioner Adrian E. G.G. must seek and submit to mental health treatment; and it is further

**ORDERED** that Petitioner Rafael L.O. must seek and submit to mental health treatment; and it is further

**ORDERED** that Petitioner Javier S.M. is ordered to not have any contact with the alleged victim of his pending criminal sexual assault case in Middlesex County and the victim's mother; and it is further

**ORDERED** that Petitioner Javier S.M. must also comply with the conditions of release ordered by the Middlesex County judge presiding over his criminal matter; and it is further

**ORDERED** that the Court will hear argument as to whether the TRO should be converted to a preliminary injunction on **April 23, 2020, at 2 p.m.** by teleconference.  Counsel are ordered to meet an confer in good faith as to whether such argument is necessary.  If Counsel cannot reach an accord, counsel shall submit a proposed briefing schedule as to the preliminary injunction hearing.[2]

                                                                                                       JOHN MICHAEL VAZQUEZ
                                                                                                         United States District Judge

---

[2] Respondents have requested that the Court state that this Order is no longer in effect when the Governor of New Jersey lifts the current stay-at-home order.  The Court declines to do so, but nothing in this Order prevents the Respondents from seeking a modification if Respondents believe that changed circumstances require such a modification.